UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY MOSLEY,

    Petitioner,                               CASE NO. 2:13-CV-10349
                                                      HONORABLE PAUL D. BORMAN
                                                      UNITED STATES DISTRICT JUDGE

v.

J. A. TERRIS,

    Respondent,
_____/

## OPINION AND ORDER SUMMARILY DENYING
## THE PETITION FOR WRIT OF HABEAS CORPUS

Roy Mosley, ("Petitioner"), a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, petitioner challenges his conviction for possession with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846. For the reasons that follow, the petition for writ of habeas corpus is **SUMMARILY DENIED**.

I. BACKGROUND

Petitioner pleaded guilty to the above charge in the United States District Court for the Northern District of Illinois as part of a conditional plea agreement. The agreement permitted petitioner to withdraw his guilty plea if an appellate court reversed one or both of the district court's decisions to deny petitioner's two motions to suppress evidence. Petitioner was sentenced to three hundred and sixty months in prison. Petitioner subsequently moved to withdraw his guilty plea, which was denied. Petitioner's conviction was upheld on appeal.

*United States v. Kyser*, 102 F. App'x 51 (7th Cir. 2004); *cert. den.* 543 U.S. 1078 (2005).

Petitioner subsequently filed a post-conviction motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. *Mosley v. United States*, No. 05C4011; 2006 WL 1749957 (N.D. Ill. June 21, 2006); *app. dism.* No. 06-3468 (7th Cir. March 19, 2007); *cert. den.* 551 U.S. 1140 (2007).

Petitioner subsequently filed a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and a motion for relief from judgment under Fed. R. Civ. P. 60(b). The Rule 60(b) motion was denied on October 23, 2008. *Mosley v. United States*, No. 05C4011 (N.D. Ill. October 23, 2008). The Rule 59(e) motion was denied on December 12, 2008. *Mosley v. United States*, No. 05C4011 (N.D. Ill. December 12, 2008). The Seventh Circuit subsequently denied petitioner a certificate of appealability from the denial of these motions, ruling that petitioner's two motions were actually successive § 2255 motions which the district court lacked jurisdiction to entertain. *Mosley v. United States,* No. 09-1164 (7th Cir. March 12, 2009).

Petitioner filed another motion to vacate sentence, which the district court denied on the ground that it lacked jurisdiction to entertain petitioner's successive motion to vacate sentence in the absence of permission from the Seventh Circuit. *Mosley v. United States,* No. 05C4011 (N.D. Ill. May 12, 2011); *app. dism.* No. 11-2410 (7th Cir. January 4, 2012); *cert. den.* 132 S. Ct. 2701 (2012).

Petitioner has now filed a petition for writ of habeas corpus, in which he challenges the validity of his federal criminal conviction out of the United States District Court for the Northern District of Illinois.

## II. DISCUSSION

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 57 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F.3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.* District courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez,* 157 F. Supp. 2d at 796(additional citations omitted). Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his sentence is being executed. *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998). However, a motion to vacate sentence

under § 2255 is the proper avenue for relief as to a federal inmate's claims that his sentence was imposed in violation of the federal constitution or laws. *Id.*

A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Wooten v. Cauley*, 677 F.3d at 303, *Charles v. Chandler,* 180 F.3d at 756. Thus, the mere fact that the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) might prevent a petitioner from filing a second or successive motion to vacate or set aside the sentence, in the absence of newly discovered evidence or a new rule of constitutional law, would not render the remedy provided by such motion inadequate or ineffective to allow him to petition for habeas corpus relief under 28 U.S.C. § 2241. *See Hervey v. United States*, 105 F. Supp. 2d 731, 733 (E.D. Mich. 2000). Similarly, a habeas petitioner's § 2255 remedy is not inadequate merely because the petitioner permitted the AEDPA's one year statute of limitations to expire.

*Charles,* 180 F.3d at 758.

The circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of habeas corpus under § 2241 are narrow, as the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the AEDPA. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir. 2001). To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Charles v. Chandler,* 180 F.3d at 757.

Petitioner initially claims that his guilty plea was invalid because it was inappropriate for the parties to enter into a conditional guilty plea agreement because a conditional plea can only be entered to preserve an issue that is case dispositive and the issues that were preserved by the plea agreement in petitioner's case were not case dispositive. Petitioner thus contends that he did not knowingly and intelligently plead guilty because he was not informed that a conditional plea could not be entered into to preserve non-dispositive issues. Petitioner further contends that his appellate counsel was ineffective for not appealing the two issues that had been preserved for review as part of the conditional plea agreement, instead challenging the conviction on the ground that trial counsel was laboring under a conflict of interest. Both of these claims, however, were raised in petitioner's first motion to vacate sentence and were rejected by the district court.

Habeas corpus relief is unavailable to a federal prisoner whose claims have already been ruled upon adversely in a prior proceeding. *See e.g. Sandles v. Scott,* 26 F. Supp. 2d 1355, 1356-

57 (N.D. Ga. 1998). Because these two claims have already been decided adversely against petitioner in his prior motion to vacate sentence, he is unable to raise these claims again in a § 2241 habeas petition. *See Casey v. Hemingway,* 42 F. App'x. 674, 676-77 (6th Cir. 2002). In addition, filing a petition for writ of habeas corpus is not the proper procedure for appealing the denial of a prior motion to vacate sentence, as petitioner appears to be doing. *See e.g. Hurwitz v. Gunja,* 11 F. App'x. 349, 350 (4th Cir. 2001). The fact that another federal judge has already rejected petitioner's claims does not permit this Court to act as an appellate court with respect to that ruling. *See e.g. Frye v. Clark,* 444 F.2d 536, 537 (5th Cir. 1971).

Petitioner further claims that because the conditional plea agreement that was entered into in his case was invalid, it deprived the Seventh Circuit of jurisdiction to hear his direct appeal. Petitioner's claim that his direct appeal was defective or that the Seventh Circuit lacked jurisdiction to hear his direct appeal cannot be raised in a petition for writ of habeas corpus because petitioner has failed to show that he could not have raised this claim in his prior motion to vacate sentence. *See Twitty v. Wiley,* 336 F. App'x. 768, 769 (10th Cir. 2009)(federal prisoner's allegation that he had no adequate remedy to challenge his conviction due to "criminal violations during direct appeal" committed by the Eleventh Circuit that rendered his judgment "void," and a "criminal cover-up by all involved" challenged the validity of prisoner's judgment and sentence and could not be addressed on a petition for habeas corpus, absent evidence that prisoner lacked an adequate and effective remedy under § 2255).

Finally, petitioner claims that he is entitled to habeas relief from his conviction because he is actually innocent of the crime that he was convicted of. Petitioner, however, has offered no evidence or argument to establish his actual innocence to the charge that he pleaded guilty to.

Petitioner's bare allegation of actual innocence to a charge that petitioner pleaded guilty to, without any supporting evidence, is insufficient to "invoke exceptional review of his conviction under § 2241." *Thompson v. U.S.,* 211 F.3d 1270 (Table); 2000 WL 571952, p. 2 (6th Cir. May 2, 2000); *See also Rice v. Lamanna,* 451 F. Supp. 2d 755, 758 (D.S.C. 2006).

### III. CONCLUSION

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus [Court Docket Entry # 1] is DENIED. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

**SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT COURT

DATED: 2-15-13